IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SHERMAINE DONNELL WHITLEY | ) | |
| | ) | No. 2:02-0633 |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on petitioner Shermaine Donnell Whitley's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, or in the alternative, a motion for summary judgment. For the reasons set forth below, petitioner's motion is denied, and the government's motion for summary judgment is granted.

## I. BACKGROUND

Petitioner pled guilty on August 14, 2002 to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The court found that petitioner's prior conviction for possession of cocaine base with intent to distribute qualified petitioner for an enhanced sentence under 21 U.S.C. § 851 and the Federal Sentencing Guidelines. The court sentenced petitioner to 240 months' imprisonment to be followed by ten years of supervised release, entering the judgment on May 5, 2003. On January 4, 2012, petitioner filed this motion arguing that a subsequent change in law which affected his substantive rights had taken place. The government responded to petitioner's motion on February 15, 2012, and moved

to dismiss the claim, or in the alternative, for summary judgment. Petitioner filed a response on March 21, 2012.

According to Whitley, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), have prompted a retroactive change in law that invalidates the court's use of Whitley's prior convictions to enhance his sentence, rendering his current sentence in violation of due process. Whitley was sentenced to three years' imprisonment for his prior cocaine conviction, which was suspended to a 500 dollar fine and five years' probation. Whitley argues that, under the new rule effected by Simmons and Carachuri, because he did not actually receive a sentence of more than one year in prison for his prior cocaine conviction, this prior conviction no longer supports the enhancement to his sentence.

## II. STANDARDS

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Whitley bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the party moving for

2

summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A mere "scintilla" of evidence will not preclude summary judgment, however. Id. at 262.

Petitioner proceeds pro se in this case. Pro se complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### III.   DISCUSSION

In overturning the district court's United States v. Thompson, 826 F. Supp. 2d 863 (E.D.N.C. 2011), decision, the Fourth Circuit explained that:

> Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony . . ., the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a *potential* sentence of greater than

3

> one year of imprisonment. Thus, following Simmons, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, *could have* received a sentence in excess of one year for the offense,

United States v. Thompson, 2012 WL 1592991, at *2 (emphasis added), for the crime of which he was "actually convicted." Carachuri, 130 S.Ct. at 2589.

Petitioner claims that because he was sentenced to less than one year of imprisonment for his prior cocaine conviction, it cannot count as a prior felony for the purposes of his federal sentence. However, petitioner's actual prior conviction for possession of cocaine base with intent to distribute exposed petitioner to a potential sentence of more than one year. Indeed, petitioner received a sentence for three years' imprisonment, though the sentence was suspended. Whether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are "felonies" for the purposes of sentencing.

Petitioner's prior conviction was therefore undoubtedly "punishable" by imprisonment of more than one year, and is consequently a valid basis for petitioner's enhanced sentence under § 851 and the Federal Sentencing Guidelines. Because petitioner's motion clearly fails on the merits, the court need not address the procedural problems with petitioner's motion.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

4

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

                                              **DAVID C. NORTON**
                                              **UNITED STATES DISTRICT JUDGE**

**July 26, 2012**
**Charleston, South Carolina**